UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATIAS ROSARIO-RAMON,

                Plaintiff,

        -against-

JOHN DOE,

                Defendant.

19-CV-3045 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff, currently incarcerated in the Otis Bantum Correctional Center (OBCC) on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendant violated his constitutional rights. By order dated August 2, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1] For the reasons set forth below, the Court grants Plaintiff leave to file complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief.

**BACKGROUND**

Plaintiff Matias Rosario-Ramon alleges the following facts. On December 16, 2018, he was eating an apple in the OBCC mess hall when his tooth came out, and four of the brackets that sustain his other teeth came off. He went to the clinic on January 3, 2019, but he did not agree with the decision to use acrylic to fix his tooth. He asserts that the doctor was not willing to take care of him because of his lack of English.

Plaintiff attaches to his complaint copies of medical records showing that he received treatment on the following dates: August 1, 2018, August 9, 2018, September 10, 2018,

September 12, 2018, and January 3, 2019. The treatment notes suggest that on each date, Plaintiff complained about dental issues. The records reflect that on August 1, 2018, Plaintiff was given wax to cover the brackets, and he was prescribed Ibuprofen for pain. On August 9, 2018, Plaintiff was seen for a cracked tooth, and on September 10, 2018, a splint was applied on both sides of the tooth to secure it. The notes for the treatment that Plaintiff received indicate that Spanish to English translation was provided on that date. The notes for the treatment Plaintiff received on January 3, 2019, also reflect that Spanish to English translation was provided. The dentist attempted to fix Plaintiff's tooth with acrylic, but Plaintiff didn't like it, so the acrylic was removed. The dentist informed Plaintiff that orthodontic services were not provided.

Plaintiff seeks "$55,000.00 dollars and assuming that the orthodontic work will be completly [sic]." (ECF No. 2 at 5.)

## DISCUSSION

### A. Deliberate Indifference

The Court construes Plaintiff's allegations as asserting deliberate-indifference claims under the Eighth or Fourteenth Amendments of the United States Constitution.[2] To state a deliberate-indifference claim, a plaintiff must allege that a correction official was deliberately indifferent to a substantial risk of serious harm to him. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). A convicted prisoner must show that a correction official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both [have been] aware of facts from

---

[2] If Plaintiff was a pretrial detainee during the events that are the basis of his claims, his claims arise under the Due Process Clause of the Fourteenth Amendment; if he was a convicted prisoner, such claims arise under the Cruel and Unusual Punishment Clause of the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979); *Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir. 1996).

which the inference could [have been] drawn that a substantial risk of serious harm exists, and he must [have] also draw[n] the inference." *Farmer*, 511 U.S. at 837. A pretrial detainee must show that "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35.

Because it appears that Plaintiff was a pretrial detainee on the date of incident, the more generous standard applies. Even under this standard, however, Plaintiff fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

### 1. Inadequate Medical Care

To state a § 1983 claim for inadequate medical care under the Eighth Amendment or the Due Process Clause of the Fourteenth Amendment, a plaintiff must allege facts showing that correction officials were deliberately indifferent to the plaintiff's serious medical condition. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Caiozzo v. Koreman*, 581 F.3d 63, 69-72 (2d Cir. 2009).

Deliberate indifference to a prisoner's medical need is evaluated under a two-pronged test comprised of both objective and subjective components. *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). The objective component of this standard requires that the alleged medical need be a "sufficiently serious" condition that "could result in further significant injury or the unnecessary and wanton infliction of pain." *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)); *see also Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994) (noting that standard contemplates "a condition of urgency, one that may produce death, degeneration, or extreme pain"). The subjective component requires a prisoner to show that the defendant officials acted with a "sufficiently culpable state of

mind" in depriving him of adequate medical treatment. *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) (citing *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006)). That is, a plaintiff must show that the defendants knew of and disregarded an excessive risk to the inmate's health or safety by failing to take reasonable measures to avoid the harm. *Caiozzo*, 581 F.3d at 69. Under this standard, a challenge based on the inadvertent or negligent failure to provide adequate care does not raise a constitutional claim under either the Fourteenth Amendment or the Eighth Amendment. *See Estelle*, 429 U.S. at 106; *Chance*, 143 F.3d at 703.

Plaintiff's allegation that the treatment he received was less effective than appropriate does not state a plausible claim for deliberate indifference. The law is clear that a "mere disagreement over the proper treatment" is not actionable, *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998); *see, e.g.*, *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) (prescribing Motrin rather than stronger pain medication to treat broken wrist, with no concomitant allegation of "a culpable state of mind," falls short of claim for deliberate indifference); *Reyes v. Gardener*, 93 F. App'x 283, 284 (2d Cir. 2004) (holding that alternative medical plan incorporating weaker pain medication to treat inmate was "mere disagreement over the proper treatment") (internal quotation marks omitted); *Rush v. Fischer*, No. 09-CV-9918, 2011 WL 6747392, at *3 (S.D.N.Y. Dec. 23, 2011) ("The decision to prescribe one form of pain medication in place of another does not constitute deliberate indifference to a prisoner's serious medical needs.").

Here, Plaintiff fails to allege facts sufficient to suggest that prison officials were deliberately indifferent to his medical needs. Plaintiff attaches documentation that he received treatment on four separate dates, that he was given wax to cover his brackets, and that he was prescribed Ibuprofen for pain. The dentist also used acrylic to fix Plaintiff's tooth but because Plaintiff did not like how the tooth was fixed, the dentist removed the acrylic. Plaintiff does not

plead any facts showing that any individual at OBCC knew or should have known that Plaintiff had a serious medical need and was deliberately indifferent to that need. Plaintiff thus fails to state a claim for deliberate indifference to a serious medical need.

**B.     Leave to Replead**

Because Plaintiff is proceeding *pro se*, and it is not clear that granting leave to replead would be futile, the Court grants Plaintiff leave to replead his claim that prison officials at OBCC were deliberately indifferent to his serious medical needs. Plaintiff must sufficiently detail his claims in accordance with the standards above.

Plaintiff must name as the defendants in the caption, and in the statement of claim, those individuals who were allegedly involved in the deprivation of his federal rights. And Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant he names. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint. The naming of John Doe defendants, however, does not toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

Should Plaintiff replead his claims in a complaint, he must, to the greatest extent possible:

   a) give the names and titles of all relevant persons;
   b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

6

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's complaint will completely replace, not supplement, his original submission, any facts or claims that Plaintiff wishes to maintain must be included in the complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff is granted leave to file a complaint that complies with the standards set forth above. Plaintiff must submit the complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Complaint," and label the document with docket number 19-CV-3045 (CM). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the action will be dismissed for failure to state a claim upon which relief may be granted.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: September 24, 2019
       New York, New York

                                      COLLEEN McMAHON
                              Chief United States District Judge

_____
_____
Write the full name of each plaintiff.

-against-

_____
_____
_____
_____
Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

**AMENDED COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes   ☐ No

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name          Middle Initial          Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                          State                    Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

**IV. DEFENDANT INFORMATION**

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name     Last Name     Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City     State     Zip Code

Defendant 2:

First Name     Last Name     Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City     State     Zip Code

Defendant 3:

First Name     Last Name     Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City     State     Zip Code

Defendant 4:

First Name     Last Name     Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City     State     Zip Code

## V.   STATEMENT OF CLAIM

Place(s) of occurrence: 

Date(s) of occurrence: 

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI. RELIEF

State briefly what money damages or other relief you want the court to order.

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |

| First Name | Middle Initial | Last Name |

Prison Address

| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____